**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SOUTH PITTSBURGH, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-1504 |
| | ) | |
| v. | ) | Judge Standish |
| | ) | Magistrate Judge Caiazza |
| STATE INDUSTRIES, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Plaintiff's lawsuit be remanded to state court for the Defendants' failure to establish subject matter jurisdiction.

On April 6, 2006, the undersigned ordered the Defendants to show cause why this case should not be remanded to state court for the lack of diversity of citizenship. *See* Doc. 21 at 2. Specifically, the court highlighted that LLCs like the Plaintiff are treated as partnerships for the purposes of diversity jurisdiction, and that the Defendants had failed to establish the citizenship of South Pittsburgh's members.

In response to the Show Cause Order, the Defendants have submitted affidavits demonstrating that: the Plaintiff LLC's sole member is Continental Communities, LLC; said LLC consists of two members, Nationwide Reality Investors, Ltd. ("Nationwide") and Hallmark Investors, Ltd. ("Hallmark"), both of which are Ohio LLCs; Nationwide's two members are corporations that are citizens

of Ohio; and Hallmark's members are two partnerships whose general partners are citizens of Ohio.  *See generally* Affidavits of P. Sloan & W. Cook (attached as Exs. to Doc. 27).  Were this the end of the story, diversity of citizenship would be preserved.  *Compare* Notice of Removal (Doc. 1) (Defendants are citizens of Delaware, Wisconsin and Tennessee) *with* discussion immediately *supra* (members discussed thus far are citizens of Ohio).

The problem, however, is the "several <u>limited</u> partners" of the Hallmark partnerships.  *See* Aff. of W. Cook at ¶ 4 (emphasis added).  The court has no information regarding the citizenship of these limited partners, and they <u>do</u> count for the purposes of diversity jurisdiction.  *See* <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 586 (2004) (federal court must look to citizenship of partnership's limited partners, as well as general, to determine whether there is complete diversity) (citation omitted).

The parties have been afforded repeated opportunities to demonstrate the existence of diversity jurisdiction, and their efforts have fallen short.  Accordingly, the undersigned has no choice but to recommend that the case be remanded to state court for the failure of the Defendants to demonstrate the existence of federal subject matter jurisdiction.  *See generally* <u>Sikirica v. Nationwide Ins. Co.</u>, 416 F.3d 214, 219 (3d Cir. 2005)

("[t]he party asserting jurisdiction bears the burden of showing the action is properly [in] federal court," and "[t]he statute governing removal . . . must be strictly construed") (citation omitted).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by May 18, 2006.  Responses to objections are due by May 30, 2006.


May 2, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Alan T. Silko, Esq.
Leo G. Daly, Esq.
Holly M. Whalen, Esq.
Lawrence J. Drabot, Esq.

-3-